1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11     TONY JUNIOR JACKSON,                          Case No. 1:20-cv-00205-SKO (PC)

12                 Plaintiff,
                                                     **FINDINGS AND RECOMMENDATIONS**
13          v.                                       **TO DISMISS ACTION FOR FAILURE TO**
                                                     **STATE A CLAIM**
14     R. YNIQUEZ, et al.,
                                                     21-DAY DEADLINE
15                 Defendants.
                                                     Clerk of the Court to Assign a District Judge
16

17          Plaintiff Tony Junior Jackson is a federal prisoner proceeding *pro se* and *in forma*

18     *pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of*

19     *Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that prison officials at Federal

20     Correctional Institution, Mendota, deprived him of his constitutional right to access the courts.

21     (Doc. 9.) For the reasons set forth below, Plaintiff's second amended complaint fails to state a

22     claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend

23     his complaint (*see* Docs. 6, 8), the Court finds that further amendment would be futile. *See Akhtar*

24     *v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that this

25     action be dismissed.

26     **I.      SCREENING REQUIREMENT**

27          The Court is required to screen complaints brought by prisoners seeking relief against a

28     governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1    The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

2    fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

3    who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

4    it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

5    theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6    **II.      PLEADING REQUIREMENTS**

7             **A.  Federal Rule of Civil Procedure 8(a)**

8             "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

9    exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

10   "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

11   Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

12   plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

13   quotation marks and citation omitted).

14            Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

15   cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

16   U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

17   set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

18   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

19   true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

20            The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

21   any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

22   liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

23   theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

24   of a civil rights complaint may not supply essential elements of the claim that were not initially

25   pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

26   quotation marks and citation omitted), and courts "are not required to indulge unwarranted

27   inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

28   marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

2

1    sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

2    liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

3         **B.  Linkage and Causation**

4         To state a claim under *Bivens*, a plaintiff must show a causal connection between the

5    actions of the defendants and the constitutional deprivation alleged to have been suffered by the

6    plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976))[1]. "A person subjects another to the

7    deprivation of a constitutional right . . . if he does an affirmative act, participates in another's

8    affirmative acts, or omits to perform an act which he is legally required to do that causes the

9    deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)

10   (internal quotation marks and citation omitted).

11   **III.    PLAINTIFF'S ALLEGATIONS**

12        At the times relevant to this case, Plaintiff was incarcerated at Federal Correctional

13   Institution, Mendota. (*See* Doc. 1 at 8.) In his second amended complaint, Plaintiff alleges that he

14   was "pre-requested to be made available for [court proceedings at] the Superior Court of Arizona

15   on" June 14, 2019, and July 9, 2019. (Doc. 9 at 3.) Plaintiff does not specify the purpose of the

16   court proceedings in his second amended complaint. However, his original complaint makes clear

17   that the proceedings were child-dependency hearings. (*See* Doc. 1 at 8-10.)

18        According to Plaintiff, Defendant Yniquez "negligently disregarded Plaintiff['s] . . .

19   request for an attorney call . . . by failing to [delegate] her responsibilities in her" absence. (Doc.

20   9 at 3.) Defendant Viramontes also "fail[ed] to [ ]delegate [his] responsibilities" and to properly

21   train his staff regarding "legal calls." (*Id.* at 4.) As a result, Defendant Appleton failed to arrange

22   for Plaintiff's participation via telephone at the June 14, 2019, and July 9, 2019, court hearings.

23   (*See id.*) Plaintiff was also "unable to present his argument to his attorney in advance of the

24   hearing." (*Id.* at 3.)

25        Plaintiff alleges that the failure to speak with his attorney in advance of the hearings, and

26   the failure to telephonically appear at the hearings, "resulted in the loss of a claim for emergency

27

28   [1] The cases cited in this subsection address the standards for actions under 42 U.S.C. § 1983, which also apply to
*Bivens* actions. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under
*Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

1   injunctive relief to have his child placed back in the custody of Hiedi Anderson." (*Id.*) Hiedi

2   Anderson was present at the June 14, 2019, hearing. (*Id.* at 4.) Plaintiff states that the court had

3   the authority to grant his requested relief because his child had been "seized in violation of the 4th

4   Amendment without a warrant or investigation." (*Id.* at 3-4.)

5   **IV.    DISCUSSION**

6           Inmates have a fundamental, constitutional right of access to the courts. *Lewis v. Casey*,

7   518 U.S. 343, 346, 350 (1996). To establish a constitutional access-to-courts claim, a prisoner

8   must allege an "actual injury," i.e., he must show that an official frustrated or hindered efforts to

9   pursue a legal claim. *Id.* at 351.

10          Access-to-courts claims generally fall into two categories: (1) claims arising from an

11  official frustrating a plaintiff from preparing and filing a lawsuit in the present, i.e., a forward-

12  looking claim, and (2) claims arising from an official causing the loss of a meritorious claim that

13  can no longer be pursued, i.e., a backward-looking claim. *Christopher v. Harbury,* 536 U.S. 403,

14  412-15 (2002). When a prisoner asserts a backward-looking claim, "he must show: 1) the loss of

15  a 'non-frivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and

16  3) a remedy that may be awarded as recompense but that is not otherwise available in a future

17  suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-

18  414), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).

19          According to Plaintiff, Defendants failed to make him available to appear telephonically

20  for child-dependency hearings before the Arizona Superior Court on June 14, 2019, and July 9,

21  2019. (*See* Doc. 9 at 3-4, Doc. 1 at 8-10.) Plaintiff alleges that, as a result, the Arizona court

22  found his child to be "dependent" as to Plaintiff and he "los[t] . . . a claim for emergency

23  injunctive relief." (*Id.*) Plaintiff thus asserts a backward-looking claim. *See Christopher,* 536 U.S.

24  at 413-14 (backward-looking "cases do not look forward to a class of future litigation, but

25  backward to a time when specific litigation ended poorly . . . or could have produced a remedy

26  subsequently unobtainable"). Plaintiff seeks damages as recompense. (Doc. 9 at 4.)

27          Plaintiff's allegations, however, fails to establish an access-to-courts claim that is

28  plausible on its face. The allegations fail to show that his underlying child-dependency claim is

4

1   non-frivolous or arguable, or that Defendants *caused* him to lose the underlying claim. The

2   documents attached to Plaintiff's original complaint show that Plaintiff's attorney was present at

3   the hearings on June 14, 2019, and July 9, 2019. (Doc. 1 at 25, 33.) Additionally, the Arizona

4   court continued the matter to July 26, 2019 (*id.* at 34), when Plaintiff was able to telephonically

5   appear and to testify (*id.* at 38). The court did not decide the matter with respect to Plaintiff until

6   after he testified. (*Id.* at 38-39.)

7         Plaintiff, therefore, fails to provide any facts that arguably suggest that the Arizona court

8   would have reached a different decision had he appeared at the June 14 and July 9 hearings, given

9   that (1) the court considered his testimony at the July 26 hearing before reaching its decision, and

10  (2) he was incarcerated throughout this period, *see* Ariz. Rev. Stat. § 8-201(15)(a)(i)

11  ("'Dependent child' . . . [m]eans a child who is adjudicated to be . . . [i]n need of proper and

12  effective parental care and control and . . . who has no parent or guardian willing to exercise or

13  capable of exercising such care and control.") Although a plaintiff asserting an access-to-courts

14  claim need not show that he would have ultimately succeeded on his underlying claim, *Phillips*

15  477 F.3d at 1076, he must at least "show . . . the 'arguable' nature of the . . . claim is more than

16  hope," *Christopher*, 536 U.S. at 416. Plaintiff's allegations fail to show that his underlying child-

17  dependency claim is arguable or non-frivolous. Thus, Plaintiff fails to state a cognizable access-

18  to-courts claim.[2]

19  **V.      CONCLUSION, ORDER, AND RECOMMENDATION**

20        For the reasons set forth above, Plaintiff's second amended complaint (Doc. 9) fails to

21  state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to

22  amend his pleading (Docs. 6, 8), the Court finds that further amendment would be futile. *See*

23  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court

24  **RECOMMENDS** that this action be dismissed for failure to state a claim. The Court **DIRECTS**

25  the Clerk of the Court to assign a district judge to this action.

26  ///

27

28  ---
    [2] The Court does not address whether a *Bivens* remedy is available for the type of claim that Plaintiff asserts, pursuant to *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

5

1    These Findings and Recommendations will be submitted to the United States District

2  Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

3  service of these Findings and Recommendations, Plaintiff may file written objections with the

4  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

5  Recommendations." Plaintiff's failure to file objections within the specified time may result in

6  waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

7  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9  IT IS SO ORDERED.

10  Dated:   **June 11, 2021**                    /s/ *Sheila K. Oberto*

11                                               UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28